**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| BRAYON WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-CV-0061 AGF |
| | ) | |
| RILEY MERDINIAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Brayon Williams, an inmate at the Adair County Jail, for leave to commence this civil action without prepaying fees or costs.[1] Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint and will deny without prejudice his motion to appoint counsel. The Court will also deny plaintiff's motion for issuance of summons at this time.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

---

[1] Plaintiff requests leave to proceed in forma pauperis in the body of his complaint.

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that

requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### Background

Plaintiff, Brayon Williams, is currently confined at Adair County Jail. The instant action brought pursuant to 42 U.S.C. § 1983 was filed on September 1, 2022, alleging violations of his civil rights relating to his arrest and criminal prosecution in Adair County Circuit Court in Kirksville, Missouri.

This is one of four actions plaintiff has filed in this Court within the past four months pursuant to 42 U.S.C. § 1983 against the same or similar defendants. *See Williams v. Merdinian,* No. 2:22-CV-0034 HEA (E.D.Mo. filed on June 3, 2022)*; Williams v. Grissom*, No. 2:22-CV-0035 AGF (E.D.Mo. filed on June 6, 2022); *Williams v. Merdinian*, No. 2:22-CV-0049 SEP

(E.D.Mo. filed on August 11, 2022). Additionally, plaintiff has also filed a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 relating to his criminal prosecution, alleging that the "evidence pending against [him] was obtained illegally" and he cannot "afford bond." *See Williams v. Grissom*, No. 2:22-CV-0060 SRC (E.D.Mo).

Plaintiff's amended complaint in *Williams v. Grissom*, No. 2:22-CV-0035 AGF (E.D.Mo) alleges that defendants Scott Williamson (Sheriff), Mathew Wilson (Prosecutor), Eldton Grissom, Kristie Swaim (Judge), Russell Steele (Judge) and Thomas Redington (Judge) violated his constitutional rights pursuant to 42 U.S.C. § 1983 during the course of several arrests and later prosecutions from November of 2019 through October of 2021. Plaintiff also names the following defendants in the body of his amended complaint: Ashley Davis (Kirksville Police Dept. Officer); Riley Merdinian (Kirksville Police Dept. Officer); Leslie Silvernail (Public Defender); Barry Cundiff (Public Defender); and David Goring (Prosecutor). Plaintiff asserts that he was arrested for refusing to provide his name to police in November of 2019. He also alleges that he was unlawfully arrested at a Hyvee gas station in February of 2020 and falsely imprisoned for a period of twelve hours. Plaintiff claims that he was arrested for trespassing at the Hyvee gas station in March of 2020, however, when he attempted to appear for his court date, there was no one there and he was later arrested on a warrant for failure to appear. Last, plaintiff alleges that in September of 2021, he was arrested for assault, burglary and kidnapping by unnamed Kirksville Police Officers who cuffed him after he "tried to run." Plaintiff's amended complaint has been submitted to the Court for review pursuant to 28 U.S.C. § 1915.

Plaintiff's complaint in *Williams v. Merdinian*, No. 2:22-CV-0034 HEA (E.D.Mo) alleges that defendants Riley Merdinian (Kirksville Police Dept. Officer), Ashley Davis (Kirksville Police Dept. Officer), Kristie Swaim (Judge) and Russell Steele (Judge) violated his constitutional rights

4

pursuant to 42 U.S.C. § 1983 during the course of several arrests and later prosecutions between February of 2020 and September of 2021. The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 on October 5, 2022, and ordered plaintiff to submit an amended complaint detailing claims relating to only one of his Adair County Court arrests and/or convictions. The matter is awaiting submission of plaintiff's amended complaint.

Plaintiff's complaint in *Williams v. Merdinian*, No. 2:22-CV-0049 SEP (E.D.Mo) alleges that defendants Riley Merdinian (Kirksville Police Dept. Officer), Ashley Davis (Kirksville Police Dept. Officer), Ron Collinge (Kirksville Police Dept. Officer), Johnathan Novinger (Kirksville Police Dept. Officer), Leslie Silvernail (Public Defender), Kristie Swaim (Judge), Thomas Redington (Judge), Russell Steele (Judge), David Goring (Prosecutor), Prosecuting Attorneys of Adair County, Missouri, Adair County Circuit Court Judges, Missouri State Public Defender System, Maggie Johnston and Joel Elmer violated his constitutional rights pursuant to 42 U.S.C. § 1983 during the course of several arrests and later prosecutions between February of 2020 and September of 2021. He asserts that he was asleep in the restroom of the Hyvee gas station on February 21, 2020, and defendants Merdinian and Davis unlawfully searched and seized him without a warrant. Plaintiff claims that defendants Merdinian and Davis lied in their probable cause statement on April 6, 2020, relating to the arrest. He further alleged that defendants Novinger and Collinge unlawfully seized him on September 23, 2021, when they arrested him for assault, burglary and kidnapping. Last, plaintiff claims that the prosecuting attorneys, public defenders and judges acted unlawfully during the course of his criminal prosecutions. The complaint has been submitted for review pursuant to 28 U.S.C. § 1915.

According to Missouri.Case.Net, plaintiff had at least six criminal cases filed against him in Adair County Court within the past two years.

On February 21, 2020, an information was filed charging plaintiff with trespass. *See State v. Williams*, No. 20AR-CR00156 (2nd Judicial Circuit, Adair County Court). Plaintiff pled guilty on August 26, 2020, and he was sentenced to five days in jail with credit for time served. *Id.*

A criminal complaint was filed against plaintiff in Adair County Circuit Court on April 24, 2020, charging plaintiff with felony stealing. *See State v. Williams*, No. 20AR-CR00361-01 (2nd Judicial Circuit, Adair County Court). An information was filed on January 12, 2021, and plaintiff's motion to suppress the inventory search done of his person when he was taken into custody was denied on February 25, 2022. Plaintiff was representing himself in his criminal action, and the matter was set for trial on September 8, 2022. It appears this matter has been dismissed by the Prosecutor of Adair County, as it is no longer pending on Missouri.Case.Net.

A criminal complaint was filed against plaintiff in Adair County Circuit Court on April 24, 2020, charging plaintiff with possession of a controlled substance, unlawful possession/transportation/manufacture/sale of an illegal weapon and unlawful possession of drug paraphernalia. *See State v. Williams*, No. 20AR-CR00362-01 (2nd Judicial Circuit, Adair County Court). An information was filed on January 12, 2021, and plaintiff's motion to suppress the inventory search done of his person when he was taken into custody was denied on February 25, 2022. Plaintiff represented himself at trial, pro se, on August 1, 2022, in front of the Honorable Thomas P. Redington. Plaintiff was found guilty of possession of a controlled substance on that date. Plaintiff was sentenced to seven (7) years' imprisonment in the Missouri Department of Corrections on September 19, 2022. *Id.*

On October 27, 2021, a criminal complaint was filed charging plaintiff with rape in the second degree. *See State v. Williams*, No. 20AR-CR00893 (2nd Judicial Circuit, Adair County

6

Court). Plaintiff was arrested on the charge on December 7, 2020. It appears this matter has been dismissed by the Prosecutor of Adair County, as it is no longer pending on Missouri.Case.Net.

On October 28, 2021, an information was filed charging plaintiff with trespass. *See State v. Williams*, No. 20AR-CR00894-01 (2nd Judicial Circuit, Adair County Court). After a trial in front of the Honorable Kristie Swaim on February 4, 2021, plaintiff was found guilty on February 11, 2021. Plaintiff was sentenced to two days in jail in the Adair County Detention Center. *Id.*

On September 24, 2021, a criminal complaint was filed against plaintiff in Adair County Circuit Court charging plaintiff with burglary in the first degree, assault in the third degree, kidnapping in the third degree and two counts of felony resisting arrest. *See State v. Williams*, No. 21AR-CR00767-01 (2nd Judicial Circuit, Adair County Court). An information was filed on October 25, 2021. Plaintiff was representing himself in his criminal action. It appears this matter has been dismissed by the Prosecutor of Adair County, as it is no longer pending on Missouri.Case.Net.

**The Complaint**

Plaintiff, a pretrial detainee at Adair County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 against twenty defendants: Riley Merdinian (Kirksville Police Dept. Officer), Ashley Davis (Kirksville Police Dept. Officer), Nathan Goodwin (Kirksville Police Dept. Officer), Scott Williamson, Keri Cordray, David Goring (Judge), Andrew Baster (Prosecutor), Mathew Wilson (Prosecutor), Kristie Swaim (Judge), Russell Steele (Judge), Linda Decker, Thomas P. Redington (Judge), Joel Elmer (Public Defender), Leslie Silvernail (Public Defender), Silvernail Law Firm, Barry Cundiff (Public Defender), Frick and Cunduff P.C., State of Missouri Public Defender System, Adair County Sheriff's Office and the United States of America.

7

Plaintiff's complaint is not on a court-form as required under Local Rule 2.06. Further, plaintiff's complaint is difficult to read, as it is handwritten.

Plaintiff alleges that defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983 during the course of several arrests and later prosecutions between February of 2020 and September of 2021. He asserts that he was asleep in the restroom of the Hyvee gas station on February 21, 2020, and defendants Merdinian and Davis unlawfully searched and seized him without a warrant. Plaintiff claims that defendants Merdinian and Davis lied in their probable cause statement on April 6, 2020, relating to the arrest. He further alleges that defendants Novinger and Collinge unlawfully seized him on September 23, 2021, when they arrested him for assault, burglary and kidnapping. Last, plaintiff claims that the prosecuting attorneys, public defenders and judges acted unlawfully during the course of his criminal prosecutions.

For relief in this action, plaintiff seeks monetary damages as well as release from confinement.

## Discussion

As noted above, there are several deficiencies in plaintiff's pleading which will necessitate the filing of an amended complaint on a court-provided form. First, plaintiff's pleading is handwritten and not on a court-provided form. *See* Local Rule 2.06. Second, plaintiff's claims are difficult to discern as they consist of allegations relating to several separate criminal actions in Adair County Court. Thus, it appears as though plaintiff is attempting to address multiple claims for relief relating to those separate criminal actions across a two-year timeframe. Such pleading practices are not allowed.

Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of *different transactions or occurrences*. (emphasis added).

As noted above, it appears that plaintiff is appearing to address the lawfulness of his arrest and prosecution in several different criminal actions in Adair County Court. However, because those occurrences involve separate transactions against different defendants, the Court believes that those events necessitate separate lawsuits. Accordingly, the Court will allow plaintiff to bring his allegations relating to only one of the Adair County criminal arrests and prosecutions in the present lawsuit. If plaintiff wishes to pursue the events relating to the other Adair County arrests and prosecutions, he must address those actions in one or more of his other pending lawsuits. *He should take care not to assert or raise the same claims in separate lawsuits.*

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or very neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(d)(1). Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

As set forth above, plaintiff should only list claims in his "Statement of Claim," relating to the *one* state criminal prosecution for which he wishes to bring claims of false arrest, false

10

imprisonment, unlawful search or seizure or other claims brought pursuant to 42 U.S.C. § 1983.[2] If he wishes to bring claims relating to the other Adair County prosecutions, he must seek leave to amend his complaints in his other pending cases in this Court to clarify his claims. The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that that plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

---

[2]Plaintiff is warned that a prisoner may not recover damages in a suit brought pursuant to 42 U.S.C. § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, to the extent plaintiff has already pled guilty or been sentenced on one of the cases in Adair County Court, it is unlikely he can bring a lawsuit for monetary damages against defendants until and unless he is able to overturn his conviction.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein. Plaintiff's amended complaint should only contain reference to *one* state criminal prosecution for which he wishes to bring claims of false arrest, false imprisonment, unlawful search or seizure or other claims brought pursuant to 42 U.S.C. § 1983. If plaintiff wishes to bring separate claims under 42 U.S.C. § 1983 relating to his other Adair County criminal prosecutions he should file those claims separately in his other pending actions in this Court after seeking leave to amend his complaints in those actions. *Plaintiff should take care not to assert or raise the same claims in separate lawsuits.*

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a copy of a Prisoner Civil Rights Complaint Form.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 13th day of October, 2022.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

12