**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| BRAYON WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-CV-0061 AGF |
| | ) | |
| RILEY MERDINIAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's post-dismissal motion to amend his complaint. [ECF No. 7]. Having reviewed plaintiff's motion to amend his complaint, the Court will decline to reopen the present matter and deny plaintiff's post-dismissal motion to amend his pleading.

**Background**

Plaintiff, Brayon Williams, is currently confined at Northeast Correctional Center (NECC) in Bowling Green, Missouri. He filed the instant action on September 1, 2022, pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights relating to his arrest and criminal prosecution in Adair County Circuit Court in Kirksville, Missouri. [ECF No. 1]. At the time plaintiff filed the instant action in September of 2022, he was incarcerated as a pretrial detainee at Adair County Jail in Kirksville, Missouri. As noted below, it appears Plaintiff has been sentenced in all cases currently pending in Missouri State Court.

On October 13, 2022, the Court granted plaintiff's motion to proceed in forma pauperis and ordered plaintiff to amend his complaint on a court-provided form. [ECF No. 3]. Because the allegations in plaintiff's complaint appeared to relate to several different criminal actions filed against him in Adair County, Missouri, filed within a two-year period, the Court ordered plaintiff to separate his allegations against the named defendants in accordance with Federal Rules of Civil Procedure 18 and 20. Plaintiff was instructed to separate his allegations against defendants within the open lawsuits currently pending in this Court. *See Williams v. Merdinian,* No. 2:22-CV-0034 HEA (E.D.Mo. filed on June 3, 2022); *Williams v. Grissom*, No. 2:22-CV-0035 AGF (E.D.Mo. filed on June 6, 2022); and *Williams v. Merdinian*, No. 2:22-CV-0049 SEP (E.D.Mo. filed on August 11, 2022). He was specifically instructed to "take care not to assert or raise the same claims in separate lawsuits." Plaintiff was given twenty-one (21) days to amend his pleading. Thus, his amended complaint was due to the Court on or about November 3, 2022.

On October 26, 2022, the Court, *sua sponte*, took judicial notice that Plaintiff's address was updated by the Clerk to indicate that plaintiff had been moved to Fulton Reception and Diagnostic Center (FRDC) and noted that plaintiff had not received the Court's Opinion, Memorandum and Order issued on October 13, 2022. The Court modified the date that plaintiff's amended complaint was due to November 16, 2022. In an abundance of caution, the Court again instructed plaintiff in the October 26, 2022 Memorandum and Order that his amended complaint should "only contain reference to one state criminal prosecution for which he wish[ed] to bring claims of false arrest, false

imprisonment, unlawful search or seizure or other claims brought pursuant to 42 U.S.C. § 1983." He was told that if he wished to bring separate claims relating to his other Adair County prosecutions, he should file those claims in his other pending actions in this Court. Plaintiff's amended complaint was due to the Court not later than November 16, 2022. [ECF No. 4].

The Court dismissed this action on November 28, 2022, due to Plaintiff's failure to amend his complaint in a timely manner. *See* Fed.R.Civ.P.41(b). Plaintiff placed his motion to amend his complaint in the prison mailing system at Northeast Correctional Center on November 26, 2022. [ECF No. 7]. His motion was over ten (10) days late at that time.

Plaintiff's motion to amend his complaint is untimely. Further, even if the Court were to reopen the present matter and review Plaintiff's amended complaint for frivolousness, maliciousness and for failure to state a claim, his complaint would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Thus, allowing him to amend would be futile. For these reasons, the Court will decline to reopen the present matter and deny plaintiff's post-dismissal motion to amend his pleading.

**I. Plaintiff's State Court Criminal Actions**

According to Missouri.Case.Net, Plaintiff had at least six criminal cases filed against him in Adair County Court within the past two years. On February 21, 2020, an information was filed charging plaintiff with trespass. *See State v. Williams*, No. 20AR-CR00156 (2nd Judicial Circuit, Adair County Court). Plaintiff pled guilty on August 26, 2020, and he was sentenced to five days in jail with credit for time served. *Id.*

A criminal complaint was filed against plaintiff in Adair County Circuit Court on April 24, 2020, charging plaintiff with felony stealing. *See State v. Williams*, No. 20AR-CR00361-01 (2nd Judicial Circuit, Adair County Court). An information was filed on January 12, 2021, and Plaintiff's motion to suppress the inventory search done of his person when he was taken into custody was denied on February 25, 2022. Plaintiff was representing himself in his criminal action, and the matter was set for trial on September 8, 2022. It appears this matter has been dismissed by the Prosecutor of Adair County, as it is no longer pending on Missouri.Case.Net.

A criminal complaint was filed against plaintiff in Adair County Circuit Court on April 24, 2020, charging plaintiff with possession of a controlled substance, unlawful possession/transportation/manufacture/sale of an illegal weapon and unlawful possession of drug paraphernalia. *See State v. Williams*, No. 20AR-CR00362-01 (2nd Judicial Circuit, Adair County Court). An information was filed on January 12, 2021, and Plaintiff's motion to suppress the inventory search done of his person when he was taken into custody was denied on February 25, 2022. Plaintiff represented himself at trial, *pro se*, on August 1, 2022, in front of the Honorable Thomas P. Redington. Plaintiff was found guilty of possession of a controlled substance on that date. Plaintiff was sentenced to seven (7) years' imprisonment in the Missouri Department of Corrections on September 19, 2022. *Id.*

On October 27, 2021, a criminal complaint was filed charging plaintiff with rape in the second degree. *See State v. Williams*, No. 20AR-CR00893 (2nd Judicial Circuit, Adair County Court). Plaintiff was arrested on the charge on December 7, 2021. It

appears this matter has been dismissed by the Prosecutor of Adair County, as it is no longer pending on Missouri.Case.Net.

On October 28, 2021, an information was filed charging plaintiff with trespass. *See State v. Williams*, No. 20AR-CR00894-01 (2nd Judicial Circuit, Adair County Court). After a trial in front of the Honorable Kristie Swaim on February 4, 2021, Plaintiff was found guilty on February 11, 2021. Plaintiff was sentenced to two days in jail in the Adair County Detention Center. *Id.*

On September 24, 2021, a criminal complaint was filed against Plaintiff in Adair County Circuit Court charging plaintiff with burglary in the first degree, assault in the third degree, kidnapping in the third degree and two counts of felony resisting arrest. *See State v. Williams*, No. 21AR-CR00767-01 (2nd Judicial Circuit, Adair County Court). An information was filed on October 25, 2021. Plaintiff was representing himself in his criminal action. It appears this matter has been dismissed by the Prosecutor of Adair County, as it is no longer pending on Missouri.Case.Net.

## II. Plaintiff's Actions Filed in this Court

As noted above, this was one of four actions plaintiff filed in this Court within the past four months pursuant to 42 U.S.C. § 1983 against the same or similar defendants. *See Williams v. Merdinian,* No. 2:22-CV-0034 HEA (E.D.Mo. filed on June 3, 2022);[1]

[1]Plaintiff's complaint in *Williams v. Merdinian*, No. 2:22-CV-0034 HEA (E.D.Mo) alleges that defendants Riley Merdinian (Kirksville Police Dept. Officer), Ashley Davis (Kirksville Police Dept. Officer), Kristie Swaim (Judge) and Russell Steele (Judge) violated his constitutional rights pursuant to 42 U.S.C. § 1983 during the course of several arrests and later prosecutions between February of 2020 and September of 2021.

*Williams v. Grissom*, No. 2:22-CV-0035 AGF (E.D.Mo. filed on June 6, 2022);[2] and *Williams v. Merdinian*, No. 2:22-CV-0049 SEP (E.D.Mo. filed on August 11, 2022).[3]

---

He asserts that he was asleep in the restroom of the Hyvee gas station on February 21, 2020, and defendants Merdinian and Davis unlawfully searched and seized him without a warrant. Plaintiff claims that defendants Merdinian and Davis lied in their probable cause statement on April 6, 2020, relating to the arrest. Last, plaintiff claims that the prosecuting attorneys, public defenders and judges acted unlawfully during the course of his criminal prosecutions. This action was dismissed on November 23, 2022, due to plaintiff's failure to submit an amended complaint in a timely manner. Plaintiff filed a post-dismissal motion for leave to submit an amended complaint on December 5, 2022. The matter has been submitted to the Court for review.

[2]Plaintiff's amended complaint in *Williams v. Grissom*, No. 2:22-CV-0035 AGF (E.D.Mo) alleges that defendants Scott Williamson (Sheriff), Mathew Wilson (Prosecutor), Eldton Grissom, Kristie Swaim (Judge), Russell Steele (Judge) and Thomas Redington (Judge) violated his constitutional rights pursuant to 42 U.S.C. § 1983 during the course of several arrests and later prosecutions from November of 2019 through October of 2021. Plaintiff also names the following defendants in the body of his amended complaint: Ashley Davis (Kirksville Police Dept. Officer); Riley Merdinian (Kirksville Police Dept. Officer); Leslie Silvernail (Public Defender); Barry Cundiff (Public Defender); and David Goring (Prosecutor). Plaintiff asserts that he was arrested for refusing to provide his name to police in November of 2019. He also alleges that he was unlawfully arrested at a Hyvee gas station in February of 2020 and falsely imprisoned for a period of twelve hours. Plaintiff claims that he was arrested for trespassing at the Hyvee gas station in March of 2020, however, when he attempted to appear for his court date, there was no one there and he was later arrested on a warrant for failure to appear. Last, plaintiff alleges that in September of 2021, he was arrested for assault, burglary and kidnapping by unnamed Kirksville Police Officers who cuffed him after he "tried to run." Plaintiff's amended complaint has been submitted to the Court for review pursuant to 28 U.S.C. § 1915.

[3]Plaintiff's complaint in *Williams v. Merdinian*, No. 2:22-CV-0049 SEP (E.D.Mo) alleges that defendants Riley Merdinian (Kirksville Police Dept. Officer), Ashley Davis (Kirksville Police Dept. Officer), Ron Collinge (Kirksville Police Dept. Officer), Johnathan Novinger (Kirksville Police Dept. Officer), Leslie Silvernail (Public Defender), Kristie Swaim (Judge), Thomas Redington (Judge), Russell Steele (Judge), David Goring (Prosecutor), Prosecuting Attorneys of Adair County, Missouri, Adair County Circuit Court Judges, Missouri State Public Defender System, Maggie Johnston and Joel Elmer violated his constitutional rights pursuant to 42 U.S.C. § 1983 during the

Additionally, Plaintiff also filed a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 relating to his criminal prosecution, alleging that the "evidence pending against [him] was obtained illegally" and he could not "afford bond." *See Williams v. Grissom*, No. 2:22-CV-0060 SRC (E.D.Mo). Because plaintiff's action in this case was similar to the other actions filed in this District, the Court ordered plaintiff to amend his pleading to separate his claims from those filed in the other cases in this District.

## III. The Proposed Amended Complaint

Plaintiff, a prisoner currently incarcerated at Northeast Correctional Center (NECC), in Bowling Green, Missouri, filed a motion seeking to amend his complaint after the dismissal of this action by placing his amended complaint in the prison mailing system at NECC on November 26, 2022. His motion was untimely by the time he placed his motion in the prison mailing system at NECC. Plaintiff alleges violations of his civil rights brought pursuant to 42 U.S.C. § 1983. His amended complaint is on a court-provided form, and it names the following individuals as defendants in this action: Riley Merdinian (Kirksville Police Dept. Officer); Ashley Davis (Kirksville Police Dept.

---

course of several arrests and later prosecutions between February of 2020 and September of 2021. He asserts that he was asleep in the restroom of the Hyvee gas station on February 21, 2020, and defendants Merdinian and Davis unlawfully searched and seized him without a warrant. Plaintiff claims that defendants Merdinian and Davis lied in their probable cause statement on April 6, 2020, relating to the arrest. He further alleged that defendants Novinger and Collinge unlawfully seized him on September 23, 2021, when they arrested him for assault, burglary and kidnapping. Last, plaintiff claims that the prosecuting attorneys, public defenders and judges acted unlawfully during the course of his criminal prosecutions. The complaint has been submitted for review pursuant to 28 U.S.C. § 1915.

Officer); Leslie Silvernail (Public Defender); and Thomas Redington (Judge). Plaintiff is silent as to the capacities he is bringing his action against defendants Merdinian and Davis. He brings this action against defendant Thomas Redington in his official capacity only. Plaintiff brings this action against defendant Silvernail in both her individual and official capacities.

Plaintiff states that Officers Davis and Merdinian made "inconsistent" remarks during his trial regarding his arrest for drug charges on February 29, 2020, at the Hyvee Gas Station in Kirksville, Missouri. *See State v. Williams*, No. 20AR-CR00362-01 (2nd Judicial Circuit, Adair County Court). Plaintiff asserts that the defendant officers' inconsistent remarks during his trial and suppression hearing illustrate a "conspiracy" to violate his rights under 42 U.S.C. § 1983. Plaintiff alleges that his public defender in *State v. Williams*, No. 20AR-CR00362-01 (2nd Judicial Circuit, Adair County Court), Leslie Silvernail, "caused consequential damage," that effected the outcome of his case by failing to act in his best interest. He alleges that defendant Silvernail "failed to argue the inconsistency of the police reports and probable cause statement" during the suppression hearing. Plaintiff also claims that defendant Silvernail failed to offer the plaintiff a plea deal. Plaintiff, however, does not indicate that a plea deal was offered by the prosecutor's office. Last, plaintiff asserts that it appeared that Silvernail was conspiring with the prosecutor and the police officer defendants because she failed to question the police officers regarding their right to intrude on plaintiff's privacy before he was searched on February 29, 2020, before his "unlawful arrest."

Plaintiff alleges that Judge Redington refused to assign him new counsel and forced him to keep the same counsel or act *pro se*. Plaintiff additionally alleges that "judges allowed false, misleading info[rmation]. . .[on] the record." The Court takes judicial notice that a criminal complaint was filed against plaintiff in Adair County Circuit Court on April 24, 2020, charging plaintiff with possession of a controlled substance, unlawful possession/transportation/manufacture/sale of an illegal weapon and unlawful possession of drug paraphernalia. *See State v. Williams*, No. 20AR-CR00362-01 (2nd Judicial Circuit, Adair County Court). A preliminary hearing was held in front of Judge Kristie Swaim on January 4, 2021. *Id.*

An information was filed on January 12, 2021, and plaintiff's motion to suppress the inventory search done of his person when he was taken into custody was denied on February 25, 2022, by Judge Russell Steele. Although Plaintiff was initially represented by public defender Leslie Silvernail in his criminal action, Ms. Silvernail sought to withdraw as counsel on April 20, 2020. At that time, Plaintiff expressed a desire to represent himself in his criminal action. Plaintiff signed a written waiver of his right to counsel, and the Court granted his request to represent himself on or about July 8, 2022. *State v. Williams*, No. 20AR-CR00362-01 (2nd Judicial Circuit, Adair County Court)

Plaintiff represented himself at trial, pro se, on August 1, 2022, in front of the Honorable Thomas P. Redington. Plaintiff was found guilty of possession of a controlled substance on that date. Plaintiff was sentenced to seven (7) years' imprisonment in the Missouri Department of Corrections on September 19, 2022. *Id*.

For relief in this action, Plaintiff seeks monetary damages as well as release from confinement.

**Discussion**

Amendment generally is governed by Federal Rule of Civil Procedure 15. Under that Rule, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But "different considerations apply to motions [to amend] filed after dismissal," *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir.2009) (quoting *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir.1999)), because "[a]fter a complaint is dismissed, the right to amend under Fed. R. Civ. P. 15(a) terminates." *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 550 (8th Cir.1997) (citation omitted). Courts have "considerable discretion" to deny such "disfavored" motions. *Drobnak v. Andersen Corp.,* 561 F.3d 778, 788 (8th Cir.2009) (quoting *Roop*, 559 F.3d at 824).

There were several deficiencies in Plaintiff's pleading which required plaintiff to file an amended complaint in this matter. First, Plaintiff's complaint was not on a court-provided form and was made up of several supplemental pleadings. *See* Local Rule 2.06. Additionally, Plaintiff's claims consisted of allegations relating to several separate criminal actions in Adair County Court. As the Court noted in its October 26, 2022 Memorandum and Order, it appeared that Plaintiff was attempting to address multiple claims for relief relating to six separate criminal actions across a two-year timeframe. Such pleading practices are not allowed under Federal Rules of Civil Procedure 18 and

20. Last, Plaintiff's claims were duplicative of several other complaints he filed in this Court.

Plaintiff was explicitly informed that each of his arrests and prosecutions in his different criminal actions in Adair County involved separate transactions and occurrences against different sets of defendants. Thus, Plaintiff was required to address his allegations in separate lawsuits in this Court. He was instructed that he could not duplicate his claims throughout his various lawsuits.

Additionally, Plaintiff was warned that his claims for relief for false imprisonment and false arrest could be barred by *Heck v. Humphrey*. 512 U.S. 477, 486-87 (1994). Under *Heck,* a prisoner may not recover damages in a suit brought pursuant to 42 U.S.C. § 1983 where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence has been reversed, expunged or called into question by issuance of a writ of habeas corpus. *Id.* Thus, the Court warned in its October 26, 2022 Memorandum and Order, "to the extent plaintiff had already pled guilty or been sentenced on one of the cases in Adair County Court, it is unlikely he can bring a lawsuit for monetary damages against defendants until and unless he is able to overturn his conviction."

As noted above, Plaintiff has not only filed his amended complaint in an untimely manner but the claims within the amended complaint contain claims subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). For these reasons, the Court will decline to reopen the present matter, as a motion to amend may be denied based on futility. *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) ("[T]here is no absolute right to

amend and a court may deny the motion based upon a finding of…futility"); *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) ("[T]here is no absolute right to amend and a finding of…futility of the amendment may be grounds to deny a motion to amend"); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (stating that district court was justified in denying plaintiff's leave to amend because the "complaint, as amended, could not withstand a motion to dismiss").

Plaintiff failed to specify the capacities under which he was suing defendants Davis and Merdinian. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). In order to prevail on an official capacity claim, the

plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which a plaintiff can prove municipal liability.

First, "policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious

choice by the policymakers." *Id*. at 390. Alternatively, to establish a claim of liability based on "custom," the plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, to demonstrate deliberate indifference for purposes of failure to train, the plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff has not alleged a violation of an official policy or custom in his amended complaint with regard to the actions by Officers Davis and Merdinian. Rather, his claims against the Kirksville Police Officers relate to individual actions by defendants. As such, his claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims against Judge Redington are also subject to dismissal because judges have judicial immunity from suit. Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity,

judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

Last, Plaintiff's claims against his public defender, Leslie Silvernail, are subject to dismissal because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). All of plaintiff's claims against his public defender arise out of representation of plaintiff in state court. As such, his claims cannot be sustained under 42 U.S.C. § 1983.

Furthermore, to the extent Plaintiff is seeking to overturn his conviction in *State v. Williams*, No. 20AR-CR00362-01 (2nd Judicial Circuit, Adair County Court), this lawsuit is Heck-barred, as he was found guilty of possession of a controlled substance in his criminal case. *See State v. Williams*, No. 20AR-CR00362-01 (2nd Judicial Circuit, Adair County Court). As a result, plaintiff was sentenced to seven (7) years' imprisonment in the Missouri Department of Corrections on September 19, 2022, and there is no indication that this sentence has been overturned or called into question.

For the aforementioned reasons, the Court declines to allow Plaintiff to amend his complaint in this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal motion to amend his complaint [ECF No.7] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court declines to reopen the present matter.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 16th day of December, 2022.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE